IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GENTRY AND PHILLIPS, P.A., et al..,

    Plaintiffs,

v.

SUNTRUST BANKS, INC., et al.

    Defendants.

Case No. 2:08-CV-037
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Abel

## OPINION AND ORDER

This matter is before the Court on Defendants Deutsche Bank Trust Company Americas' ("Deutsche Bank") and SunTrust Banks, Inc.'s Motions to Dismiss the Amended Complaint filed by Plaintiffs Gentry and Phillips, P.A. and GP (FL) Funding III, LLC ("Gentry"). Because the Court finds that Gentry's claims are barred by the doctrine of collateral estoppel, Defendants' Motions (Doc. #15 and #20) are hereby GRANTED.

I.

Plaintiffs initially filed this action in Florida state court, seeking declaratory and injunctive relief. Following various procedural motions and orders not relevant to the current motions, the case was first removed to the United States District Court for the Middle District of Florida and then transferred to this Court on January 8, 2008. On January 24, 2008, Deutsche Bank moved to dismiss the Complaint. Thereafter, Plaintiff filed an Amended Complaint on February 15, 2008, seeking declaratory judgment with respect to defendant SunTrust's authority

1

to disburse funds to Deutsche Bank under the terms of the Florida Paying Agency Agreement.

This matter involves a small piece of a large pie consisting of the Fee Award and Supplement payments paid by the tobacco companies to various lawyers in Florida, including Plaintiff Gentry, under the terms of a Settlement Agreement reached in December, 2004, resolving an interpleader action filed by the tobacco companies. The facts and procedural background of this case have been set out in several previous Orders, including the Final Judgment entered on January 10, 2005 (Case No. 2:04-CV-715, Doc. #192), and the Court's Opinion overruling the objections filed by Florida counsel (a group that includes Plaintiff Gentry) in response to the Acknowledgments filed pursuant to the Settlement Agreement. *See Lorillard Tobacco v. Chester, Willcox & Saxbe, L.L.P.*, 2007 U.S. Dist. LEXIS 25596 (S.D. Ohio April 5, 2007).

The only facts relevant to the present dispute are those that the Court has previously considered and determined in its April 5, 2007 Opinion and Order. Specifically, the Court found that Gentry was estopped from claiming that the Supplement Payments (accelerated payments of attorneys fees to be paid by the tobacco companies in each of the fourth quarters of 2004 through 2008) were not part of the "Fee Award" pledged to Deutsche Bank as collateral in a series of financing and monetization transactions. *Id.* at *25.

SunTrust, defendant herein, is the paying agent that receives the funds from the tobacco companies for distribution to Florida counsel, including Gentry. SunTrust moved to intervene in the earlier dispute over entitlement to the Supplements, and sought to interplead the disputed funds in order to avoid any action against it by the Florida counsel or Deutsche Bank regarding payment of the Supplements. The Court denied SunTrust's motion, finding intervention or

2

interpleader unnecessary "in view of the Court's resolution of the dispute between Florida counsel and Deutsche Bank." *Id.* at *26.

The Court's previous holding establishes that Gentry's current motion for declaratory judgment is without merit. Regardless of how Gentry attempts to frame the issue, the Court has ruled on the precise issue now before the Court, and has determined that SunTrust is authorized and required to pay to Deutsche Bank the Fee Award, including the Supplements, pledged by Florida counsel or their assignees to Deutsche Bank.

## II.

The doctrine of collateral estoppel, or issue preclusion, bars Gentry's lawsuit against SunTrust.[1] As expressed by the Florida District Court in its Order transferring the case to Ohio, "the Complaint at its core seeks for the benefit of Plaintiffs the [disputed payments]" and "clearly collateral estoppel applies." (1/8/08 Order, Doc. #15 at Ex. C, pg. 4).

Collateral estoppel applies if:

1) the issue at stake is identical to the one involved in the prior litigation;

2) the issue was actually litigated in the prior suit;

3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in that action;

4) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

---

[1] The parties do not agree on whether the law of the Sixth Circuit or the Eleventh Circuit applies to this case transferred from Florida District Court. However, the elements of collateral estoppel are essentially identical, and dismissal is appropriate under the law of either Circuit. *See U.S. v. Staffco. Constr. Inc.*, 107 Fed. Appx. 453, 457, 2004 U.S. App. LEXIS 15584, *12-13 (6th Cir. July 22, 2004); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986).

3

*I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (1c Cir. 1986); *Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1473 (11th Cir. 1986); *Verizon North, Inc. v. Strand*, 367 F.3d 577, 583 (6th Cir. 2004) ("Issue preclusion prevents a party from relitigating a factual or legal issue decided by a court of competent jurisdiction in a prior proceeding if: (1) the issue is identical to the issue resolved in the earlier matter, (2) the issue was actually litigated and decided, (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation, (4) the party to be precluded was a party, or in privity with a party to the prior litigation, and (5) the party to be precluded had a full and fair opportunity to litigate the issue.").

This Court agrees with the analysis of the Florida District Court, finding that Gentry's complaint against SunTrust seeks the same relief as that previously sought in this Court, namely, the right to the disputed Supplement payments. Gentry attempts to distinguish the issue in this matter as one of "administration" of the funds by SunTrust under the Agency Agreement versus "entitlement" to the funds, which issue the Court has already determined in favor of Deutsche Bank. This Court's April 5, 2007 Opinion and Order is dispositive on this issue. *Lorillard*, 2007 U.S. Dist. LEXIS 25596. The Court's ruling: 1) held that Deutsche Bank was entitled to receive the Supplement and Future Supplements as part of the Fee Award pledged as collateral by Florida counsel and/or their assignees; 2) denied Gentry's motion for injunctive relief, which sought to prevent payment of the Supplement to Deutsche Bank; and 3) denied SunTrust's motion to intervene or interplead, based on its clear direction that the Supplement and Future Supplements were to be paid by SunTrust to Deutsche Bank.

The Court's previous holdings necessarily resolve the issue of whether SunTrust, the paying agent, has the authority to distribute the Supplement funds to Deutsche Bank. Therefore,

4

Gentry's attempt to distinguish the issue of entitlement from administration of the funds under the Agency Agreement is an empty distinction for purposes of collateral estoppel. *See Wallis v. Justice Oaks II, Ltd.*, 898 F.2d 1544, 1550 (11th Cir. 1990) ("If, however, the subsequent litigation arises from a different cause of action, the prior judgment bars litigation only of 'those matters or issues common to both actions which were either expressly or *by necessary implication adjudicated* in the first.' 2 A. Freeman, A Treatise of the Law of Judgments § 677, at 1429-30 (5th ed. 1925); *see Baltimore S.S.*, 274 U.S. at 319, 47 S. Ct. at 602. We refer to this strand of former adjudication as "issue preclusion." *See* Restatement (Second) of Judgments § 17 comment c (1982)." (emphasis added)).

Further, a review of the Agency Agreement proves that it is not an impediment to implementation of the Court's Order. The schedules accompanying the Agency Agreement direct SunTrust to pay Deutsche Bank (the "Indenture Trustee") "all amounts payable with respect to the related Fee Awards." (Am. Compl., Ex. 3). As evidenced by the fact that, in accordance with the Agency Agreement and the Court's Orders, SunTrust has already received and disbursed the 2005-2007 Supplements to Deutsche Bank, there is no ambiguity or inconsistency requiring a Court to declare SunTrust's administrative obligations under the Agency Agreement.

Gentry's procedural arguments are likewise without merit. The fact that the *Lorillard* interpleader action involved different claims and parties does not prevent the application of collateral estoppel. Rather, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Therefore,

5

"a defendant who was not a party to the original action may invoke collateral estoppel against the plaintiff." *Hart*, 787 F.2d at 1473.

The elements of collateral estoppel are met in this case. Payment of the Supplement by SunTrust to Deutsche Bank was a critical issue in the dispute over Florida counsel's objections to Acknowledgments in the *Lorillard* case. The issue was fully litigated by Gentry, and decided by the Court in favor of Deutsche Bank.

### III.

The Court has now considered Gentry's claim to the Supplement payments on four different occasions in three different cases, one of which is pending on appeal before the Sixth Circuit. The Court again concludes that the Supplements are properly distributed by SunTrust to Deutsche Bank, and that Gentry is estopped and enjoined from claiming otherwise, based on the Court's Orders in *Lorillard*, Case No. 2:04-CV-715, Doc. # 263 (April 5, 2007 Opinion and Order), #294 (October 16, 2007 Order denying Motion for Reconsideration), and #316 (Order enforcing Final Judgment and Injunction entered January 10, 2005).

For the foregoing reasons, Defendants' Motions to Dismiss Plaintiffs' Amended Complaint (Doc. #15 and #20) are GRANTED. Defendant Deutsche Bank's Motion to Dismiss the initial Complaint (Doc. #9) is moot. The Clerk is directed to grant final judgment in favor of Defendants.

**IT IS SO ORDERED.**

9-22-2008
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**